# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL MENDEZ,<br>Petitioner,<br>v.<br>WARDEN,<br>Respondent. | Case No. 1:26-cv-07561-EPG-HC<br><br>ORDER REGARDING NEXT FRIEND STANDING |

**I.**

**BACKGROUND**

On September 17, 2026, Michele Ponce Laveaga ("Ms. Ponce Laveaga") filed a petition for writ of habeas corpus on behalf of her fiancé Rafael Mendez ("Petitioner"), who is a federal prisoner. (ECF No. 1.)

**II.**

**DISCUSSION**

"'[N]ext friends' appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." Whitmore v. Arkansas, 495 U.S. 149, 162 (1990) (citing United States ex rel. Toth v. Quarles, 350 U.S. 11, 13, n.3 (1955)). However, "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." Whitmore, 495 U.S. at 163. In order

to establish standing, the next friend must: (1) "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action"; and (2) "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." Whitmore, 495 U.S. at 163 (internal citations omitted). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." Id. at 164.

"[C]ourts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity." Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases). See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself." (quoting C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987)); C.E. Pope Equity Trust, 818 F.2d at 697 ("Although a non-attorney may appear *in propia persona* in his own behalf, that privilege is personal to him.").

"Although the federal habeas corpus statute permits a 'next friend' to pursue a habeas action on behalf of another in certain circumstances, see 28 U.S.C. § 2246, the statute does not authorize the 'next friend' to proceed without an attorney." United States v. Caputo, No. 1:14-cr-00041-JLT-SKO-1, 2023 WL 5207318, at *5 (E.D. Cal. Aug. 14, 2023). See Hinojosa v. Warden, SATF/SP, No. 2:22-cv-1780 DB P, 2023 WL 2874169, at *2 (E.D. Cal. Apr. 10, 2023) ("[E]ven if Mr. Bland's motion for 'next friend' status were granted, he would have to be represented by counsel in order to proceed as a 'next friend' because pro se litigants have no authority to represent anyone other than themselves."), report and recommendation adopted, 2023 WL 4711303 (E.D. Cal. July 24, 2023). Additionally, the Local Rules of Practice for the United States District Court, Eastern District of California provide in pertinent part:

> Any individual who is representing himself or herself without an attorney must appear personally or by courtesy appearance by an attorney admitted to the Bar of this Court and may not delegate that duty to any other individual, including husband or wife, or any other party on the same side appearing without an attorney. Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria

> persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules. A corporation or other entity may appear only by an attorney.

L.R. 183(a).

"Thus, in an action in which the sole plaintiff is incapacitated and cannot proceed pro se, the plaintiff must be represented by competent counsel, or alternatively, the action must be dismissed without prejudice." Complot v. JP Morgan Chase Bank, No. CV-23-02348-PHX-DWL, 2023 WL 8234271, at *3 (D. Ariz. Nov. 28, 2023) (citing Johns v. Cnty. of San Diego, 114 F.3d 874, 877 (9th Cir. 1997)).

Assuming that Ms. Ponce Laveaga qualifies for next-friend status, which would permit her to initiate the instant petition, it does not allow her to prosecute this action *pro se* on her fiancé's behalf. Therefore, either: (1) Ms. Ponce Laveaga must secure licensed counsel to proceed, or (2) Petitioner Rafael Mendez must notify the Court in writing that he will appear on his own behalf to prosecute this habeas action.[1] Otherwise, the petition will be dismissed without prejudice.

## III.

## ORDER

Based on the foregoing, the Court HEREBY ORDERS that:

1. Within **THIRTY (30) days** from the date of service of this order, **either**:

   (a) Petitioner Rafael Mendez must notify the Court in writing that going forward, he will appear on his own behalf to prosecute this habeas action; **OR**

   (b) Ms. Ponce Laveaga must secure licensed counsel and said counsel shall file a notice of appearance in this matter.

\\\

[1] Additionally, Petitioner may file a motion to appoint counsel if he cannot retain counsel or proceed on his own behalf. See 18 U.S.C. § 3006A(a)(2)(B) (authorizing the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require"); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983) (To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.").

2. The Clerk of Court is DIRECTED to send a copy of this order to Petitioner Rafael Mendez at:

FCI Lompoc II
Federal Correctional Institution
3901 Klein Blvd
Lompoc, CA 93436

3. Failure to comply with this order may result in a recommendation of dismissal for failure to comply with a court order.

IT IS SO ORDERED.

Dated: **November 17, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE